UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY JACKSON,

                 Petitioner,                                Civil Action No.
                                                     08-CV-14260

v.

                                               HON. BERNARD A. FRIEDMAN

GERALD HOFBAUER,

                 Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**(2) DENYING PETITIONER'S MOTION FOR COPY OF RULE 5 MATERIALS,**
**(3) GRANTING PETITIONER'S REQUEST TO STAY HIS CASE, AND**
**(4) CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES**

**I. Background**

Petitioner Corey Jackson, a Michigan state inmate currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 6, 2002, petitioner was found guilty of (1) second-degree murder, MICH. COMP. LAWS § 750.317, (2) possession of a firearm by a person convicted of a felony, MICH. COMP. LAWS § 750.224f, and (3) felony firearm, MICH. COMP. LAWS § 750.227b. On June 25, 2002, petitioner was sentenced to (1) 40 to 80 years imprisonment for the second-degree-murder conviction, (2) two to five years imprisonment for the felon-in-possession conviction, and (3) a mandatory two-year term of imprisonment for the felony-firearm conviction.

Petitioner filed an appeal as of right and, on August 26, 2003, the Michigan Court of Appeals remanded for a hearing pursuant to *People v. Ginther*, 390 Mich. 436. After the *Ginther* hearing, the trial court granted Petitioner a new trial. Petitioner was retried and, on April 14, 2004,

he was found guilty of voluntary manslaughter, MICH. COMP. LAWS § 750.321, and  possession of

a firearm by a person convicted of a felony.  Petitioner was acquitted of the felony-firearm charge.

Petitioner was sentenced as a habitual offender, fourth, to life imprisonment for the voluntary

manslaughter conviction.  Petitioner appealed that sentence to the Michigan Court of Appeals, which

vacated the sentence and remanded for re-sentencing.

On January 11, 2006, Petitioner was re-sentenced to 19 to 30 years imprisonment for

the manslaughter conviction and three to five years imprisonment for the felon-in-possession

conviction.  Petitioner appealed the 19 to 30-year sentence to the Michigan Court of Appeals, which

affirmed.  *See People v. Jackson*, 2007 WL 2331079 (Mich. App. Aug. 16, 2007).

Respondent seeks summary judgment [docket entry 7] on the grounds that the petition

contains two unexhausted claims – namely, that trial counsel rendered ineffective assistance during

petitioner's second trial, and that petitioner was prejudiced by false testimony given by a witness

at that trial.  Petitioner has filed a response to this motion and also a "Motion for Copy of Rule 5

Materials" [docket entry 11].  For the following reasons, the court shall deny respondent's motion

for summary judgment, deny petitioner's request for the Rule 5 materials, and grant petitioner's

request to hold his case in abeyance so that he may return to state court to exhaust his unexhausted

claims.

Following his sentencing on remand, petitioner filed an appeal in the Michigan Court

of Appeals that raised the following claims:

I.      [Petitioner's] sentence of nineteen- to thirty-years for
        voluntary manslaughter was a disproportionate departure
        from the sentencing guidelines.

II.     The trial court erred when it denied the [Petitioner] a new

2

trial where newly discovered evidence indicated that a witness could have testified that the shooting was accidental.

III.     [Petitioner's] amended sentence is invalid where the trial court, in response to a letter from the Department of Corrections, designated [Petitioner's] sentence as a habitual fourth offender sentence without a hearing, in violation of [Petitioner's] due process rights.

IV.     Trial counsel rendered ineffective assistance and [Petitioner] was prejudiced by false testimony given by a witness at trial.

The Michigan Court of Appeals affirmed petitioner's sentence. *See Jackson*, *supra*, 2007 WL 2331079. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims he had raised in the Michigan Court of Appeals, and adding the following:

I.     [Petitioner] was deprived of his constitutional rights, and prejudiced by witness Debra Little's testimony under oath that Patricia Graham was dead.

II.     [Petitioner's] Fourteenth Amendment right under the United States Constitution was violated when the trial court amended the judgment of sentence, denying [Petitioner] the opportunity to challenge the accuracy of the enhancement, affecting [his] substantial rights, and causing a miscarriage of justice.

On January 8, 2008, the Michigan Supreme Court denied Petitioner's application because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Jackson*, 480 Mich. 1008 (2008).

The instant petition raises the following claims:

I.     [Petitioner's] sentence of nineteen- to thirty-years for voluntary manslaughter was a disproportionate departure from the sentencing guidelines.

3

II.     The trial court erred when it denied the [petitioner] a new trial
        witness would have testified that evidence was additional.

III.    Trial counsel's performance fell short of state and federal
        constitutional standards by failing to adequately assist in
        [petitioner's] defense when he failed to use newly discovered
        evidence regarding Patricia Graham, a key witness to the
        incident.

IV.     [Petitioner] was deprived of his constitutional rights, and
        prejudiced by Debra Little's testimony under oath that
        Patricia Graham was dead.

V.      [Petitioner's] Fourteenth Amendment right under the United
        States Constitution was violated when the trial court amended
        the judgment of sentence denying [him] the opportunity to
        challenge the accuracy of the enhancement, affecting
        [petitioner's] substantial rights, and causing a miscarriage of
        justice.

In his motion for summary judgment, respondent argues that petitioner's third and fourth claims for habeas-corpus relief are unexhausted. In response, petitioner requests a stay of these proceedings so that he may return to state to exhaust those claims.

## II.  Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal-habeas corpus relief. *See Welch v. Burke*, 49 F. Supp.2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005).

4

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines*, 544 U.S. at 277. For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *See id*. at 276. Stay and abeyance is appropriate only when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *See id*. at 277.

Here, the court finds that petitioner has shown the need for a stay. It appears that his third and fourth claims are not exhausted and that the requirements of *Rhines* are met. The unexhausted claims do not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Petitioner claims that he did not previously raise those claims in the state courts due to the ineffective assistance of counsel, and there is no indication of intentional delay.

### III.  Conclusion

For the reasons stated above, the court concludes that petitioner has not fully exhausted his state-court remedies as to claims III and IV. Rather than dismiss the petition, the court shall grant petitioner's request to stay the proceedings so that petitioner can fully exhaust his state-court remedies as to those claims. The stay is conditioned on petitioner presenting his unexhausted claims to the state courts within sixty (60) days of the date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on

petitioner's returning to this court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting his state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should petitioner fail to comply with these conditions, his petition may be dismissed. Accordingly,

IT IS ORDERED that respondent's motion for summary judgment is denied.

IT IS FURTHER ORDERED that petitioner's request for the Rule 5 materials is denied.

IT IS FURTHER ORDERED that petitioner's request for a stay is granted.

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from the date petitioner filed the pending petition until the time petitioner returns to this court to pursue habeas relief, provided that petitioner pursues exhaustion of his state-court remedies within sixty (60) days from the date of this order and seeks leave to reopen these habeas corpus proceedings within sixty (60) days of exhausting his state-court remedies.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for statistical purposes only.  Nothing in this order shall be considered a dismissal or disposition of petitioner's claims.

                                        S/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE
Dated:  May 22, 2009

        Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager