UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY JACKSON,

    Petitioner,                                    Civil Action No. 08-CV-14260

vs.                                            HON. BERNARD A. FRIEDMAN

GERALD HOFBAUER,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

This matter is presently before the Court on petitioner Corey Jackson's application for a writ of habeas corpus, filed under 28 U.S.C. § 2254. On June 6, 2002, petitioner was found guilty in the Wayne Circuit Court of manslaughter, MICH. COMP. LAWS § 750.321; and felony-firearm, MICH. COMP. LAWS § 750.227b. Subsequently, the trial court sentenced petitioner as a fourth-time habitual felony offender to 19 to 30 years in prison for the manslaughter conviction and a mandatory two-year term for the felony-firearm conviction. Petitioner raises three claims: (1) his trial counsel was ineffective by failing to discover and use certain evidence; (2) his trial counsel was ineffective by failing to locate and call a certain defense witness; and (3) his confrontation rights were violated by the introduction of hearsay regarding the victim's cause of death. The Court finds that petitioner's claims lack merit or are procedurally defaulted. The Court shall therefore deny the petition, deny permission to proceed on appeal in forma pauperis and decline to issue a certificate of appealability.

**I.** *Facts and Procedural History*

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1):

> This case arose out of the shooting death of Michael Saunders. Apparently, Saunders and Damien Walker had been selling drugs on the same street corner for several years, but upon returning from a week's absence they found defendant selling drugs there. Saunders and Walker argued with defendant. Defendant walked away, and Saunders and Walker went into a store. Saunders exited the store, then Walker heard gunshots and, when he looked outside, he saw Saunders on the ground and defendant running away. Walker did not observe the actual shooting.

*People v. Jackson*, 2005 WL 3076950, at *1 (Mich. App. Nov. 17, 2005).

The instant case arose after petitioner's second trial related to the shooting death of Michael Saunders. Petitioner was originally convicted of second-degree murder. The Court of Appeals remanded the case for an evidentiary hearing on ineffective assistance of counsel. *See People v. Jackson*, No. 247311, Order (Aug. 26, 2003). On remand, the trial court ordered a new trial.

At the conclusion of the second trial, petitioner was convicted of voluntary manslaughter and felon in possession of a firearm. He filed an application for leave to appeal in the Michigan Court of Appeals, which raised what now form his first and second habeas claims. The Michigan Court of Appeals affirmed petitioner's conviction in an unpublished opinion, but vacated his sentence and remanded for resentencing. *See Jackson*, 2005 WL 3076950, at *1. On remand, the trial court sentenced petitioner to 19 to 30 years in prison. The Michigan Court of Appeals affirmed petitioner's sentence. *See People v. Jackson*, 2007 WL 2331079, at *1 (Mich. App. Aug. 16, 2007).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *See People v. Jackson*, 480 Mich. 1008 (2008).

Petitioner then filed the instant petition for habeas relief. Respondent filed a motion for summary judgment, arguing that petitioner failed to exhaust his claims in state court. This Court issued an opinion and order denying the motion for summary judgment, and granting petitioner's motion to hold his case in abeyance so that he could return to state court to exhaust his claims.

Petitioner returned to the trial court and filed a motion for relief from judgment which reasserted what now form his first and second habeas claims, as well as raising for the first time what now forms his third habeas claim. The trial court denied the motion for relief from judgment on the grounds that petitioner's first two arguments were "an artful rewording of an argument raised in [his] appeal of right." *People v. Jackson*, No. 02-394-01, Order at 2 (Wayne County Cir. Ct. Mar. 8, 2010). With respect to petitioner's third claim, the trial court found that appellate counsel was not ineffective.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, which denied the application for failure to establish entitlement to relief under MCR 6.508(D). *See People v. Jackson*, No. 299857 (Mich. App. May 18, 2011). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, which likewise denied relief under MCR 6.508(D). *See People v. Jackson*, 490 Mich. 968 (2011). This Court then granted petitioner's motion to reopen the case.

3

## II. *Legal Standards*

Petitioner is entitled to a writ of habeas corpus only if he shows that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than has the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The Court must apply a "'highly deferential standard for evaluating state-court rulings,' and 'state-court decisions [must] be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010), *quoting Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct.

770, 786 (2011).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*.  Further, pursuant to § 2254(d) "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.  A state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington* at 786-787.

### III. *Analysis*

#### A. *Claims I and II - Ineffective Assistance of Counsel*

Petitioner's first two habeas claims are that his trial counsel was ineffective in the manner he handled the absence of a witness, Patricia Graham, from trial.  Petitioner suggests in his first claim and in part of his second claim that his counsel should have located Graham and presented her at trial as a witness to support his self-defense argument.  The remainder of petitioner's second claim asserts that his counsel should have impeached prosecution witness Debra Lyttle regarding her testimony that Graham was dead, and he should also have requested a "due diligence" hearing regarding the prosecution's efforts to produce Graham or requested a missing witness jury instruction.

The standard for obtaining habeas relief based on a claim of ineffective assistance of counsel that was adjudicated on the merits in state court is rigorous.  First, to show that he was denied the effective assistance of counsel under federal constitutional standards, petitioner must

satisfy a two prong test. First, he must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689. Second, petitioner must show he was prejudiced, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 687. "'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington*, 131 S. Ct. at 792. The burden on the petitioner "who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different" but for counsel's allegedly deficient performance. *Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

In addition, on habeas review "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 131 S. Ct. at 785. Thus, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Knowles*, 556 U.S. at 123.

In the present case, petitioner's ineffective assistance of counsel claims hinge on the premise that Graham is alive and would have testified favorably to the defense. The Michigan Court of Appeals rejected this argument for the following reasons:

> Defendant argues that his trial counsel in this trial was also ineffective for failing to call Patricia Graham as a different witness. We disagree. Defendant must show that counsel's performance was objectively so deficient that he was not acting as the counsel guaranteed by the Sixth Amendment, that the challenged action could not be considered sound trial strategy, and that defendant was prejudiced by the deficiency. *People v. Hurst*, 205 Mich.App 634, 640-641; 517 NW2d 858 (1994). In the absence of an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v. Wilson*, 242 Mich.App 350, 352; 619 NW2d 413 (2000). The record shows that Graham was dead. She provided no previous testimony, so there was no transcript, only brief statements to the police. Defendant was not prejudiced by counsel's failure to achieve the impossible. In any event, police reports indicate that Graham did not clearly see what happened, so even if she was alive there is no reasonable likelihood that her testimony would have affected the outcome of the trial. *People v. Garza*, 246 Mich.App 251, 255; 631 NW2d 764 (2001).

*Jackson*, 2005 WL 3076950, at *1.

This decision was not unreasonable. Petitioner asserts that Graham would have supported his self-defense argument, but nothing in her statement to police supports this allegation. Graham's statement was quite brief and stated only: "I was down the street at the other store. I heard the shots and I looked down the street and saw a guy in front of the store wearing a bubble jkt. I saw the guy run down Henry, then I saw somebody laying in front of the store." Dkt. 27-5 at 42. Nothing in this statement supports petitioner's claim that he shot the victim in self-defense. Indeed, it appears Graham only heard the shots, and then saw someone consistent with petitioner's appearance run away from the scene after the shooting. Her observations were as consistent with the prosecutor's theory as they were with the defense.

To establish prejudice from counsel's failure to investigate and call a potential witness, petitioner must show that the witness would have testified and that the witness's testimony would probably have changed the outcome of the trial. *See Hadley v. Groose*, 97 F.3d 1131, 1135

(8th Cir. 1996). Petitioner has made neither showing. Despite the correspondence from the Department of Community Health that it has no record of Graham's death, petitioner has not shown that his counsel could have located Graham – assuming she is alive – or that she would have provided testimony that likely would have changed the outcome of the case.

Given the "doubly deferential" standard of review, the Court concludes petitioner has not demonstrated that the state court adjudication of his ineffective assistance of counsel claims resulted in an unreasonable application of established Supreme Court law. He therefore is not entiteld to habeas relief on these claims.

## B. *Claim III is Procedurally Defaulted*

Petitioner's third claim – that he was denied the right to cross examine the person who performed the autopsy on the victim – was first presented to the state courts in his motion for relief from judgment in the trial court. The trial court denied relief, finding that petitioner had failed to demonstrate that his appellate counsel was ineffective for failing to raise the claim on direct appeal, as required by MCR 6.508(D)(3). The Michigan appellate courts subsequently denied relief under Rule 6.508(D) as well. As a result, respondent argues that review of this claims is barred by petitioner's procedural default of failing to raise the claim on direct appeal.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is likewise barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or unless petitioner shows that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural

default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Michigan Court Rule 508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. The Michigan appellate courts both rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing MCR 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id*.

The trial court rejected petitioner's motion for relief from judgment, finding that appellate counsel was not ineffective for failing to raise the claim earlier and petitioner had therefore not demonstrated "good cause" for failing to raise this claim during his direct appeal. Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in MCR 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted under this

9

rule. *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

Petitioner cannot establish cause to excuse his default. While he alleges ineffective assistance of appellate counsel as cause to excuse his procedural default, a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Jones v. Barnes*, 463 U.S. 745, 754 (1983). "Notwithstanding *Barnes*, it is still possible to bring a Strickland claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claim that petitioner raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a substantial appellate brief which raised three claims. Petitioner has not shown that appellate counsel's strategy in presenting some claims and omitting other was deficient or unreasonable. Petitioner has therefore failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Because petitioner has failed to show cause to excuse his default, it is unnecessary to reach the prejudice issue regarding his defaulted claim. *See Smith*, 477 U.S. at 533;

Nor has petitioner shown that a fundamental miscarriage of justice has occurred. The

miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not presented any such evidence. Accordingly, the miscarriage of justice exception to the procedural default rule does not apply in this case.

## IV. *Certificate of Appealability*

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires petitioner to show that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of petitioner's claims. The Court shall also deny petitioner permission to proceed on appeal in forma pauperis because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## V. Conclusion

For the reasons stated above,

IT IS ORDERED the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that petitioner may not proceed on appeal in forma pauperis.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 16, 2013
Detroit, Michigan